<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

—————————————————————
                                              :
HARRY DUNLEAVY,                               :
                                              :
        Plaintiff,                            :
                                              :
                 v.                           :          Civil Action No. 06-cv-0554 (JAG)
                                              :
THE STATE OF NEW JERSEY; THE                  :          **OPINION**
NEW JERSEY DIVISION OF CIVIL                  :          **AMENDED**
RIGHTS; and individually against, RENE        :
ROVTAR; LORRAINE WATSON;                      :
SUSAN PALETTA, and J. FRANK                   :
VESPA-PAPELEO,                                :
                                              :
        Defendants.                           :
—————————————————————:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

        This matter comes before this Court on the motion of defendants, the State of New Jersey

("State"), New Jersey Division of Civil Rights ("NJDCR") located in Paterson, New, Jersey

(Compl. ¶ 3), Rene Rovtar[1] ("Rovtar"), Lorraine Watson[2] ("Watson"), Susan Paletta[3] ("Paletta"),

and J. Frank Vespa-Papaleo[4] ("Vespa-Papaleo"), (collectively, "Defendants"), to dismiss the

complaint of <u>pro se</u> plaintiff, Harry Dunleavy ("Dunleavy" or "Plaintiff"), pursuant to FED. R.

CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  For the reasons set

—————————————————

        [1]  Rene Rovtar was the Superintendent of Education for Morris County, New Jersey,
when this action commenced.  (Compl. ¶ 3.)

        [2]  Lorraine Watson was the head of the NJDCR.  (Compl. ¶ 3.)

        [3]  Susan Paletta was an investigator for NJDCR when this suit commenced.  (Compl. ¶ 3.)

        [4]  J. Frank Vespa-Papaleo ("Vespa-Papaleo") was the Director of NJDCR.  (Compl. ¶ 3.)

forth below, this Court will grant Defendants' motion and dismiss the Plaintiff's complaint.[5]

## BACKGROUND

In his pro se complaint, Dunleavy alleges that, in 2002, he applied for a high school teaching position with the Mount Olive Board of Education ("Mount Olive"). (Compl. ¶ 5.) However, Mount Olive did not hire Dunleavy for the position and subsequently filled the position with an individual Dunleavy alleges was younger and less experienced. (Id.) Dunleavy alleges he was over sixty years of age when he applied for the teaching position and that he was not hired because of his age. (Compl. ¶ 5, 6.)

After he was denied employment with Mount Olive, Dunleavy filed a complaint with the NJDCR, which ultimately was dismissed. (Compl. ¶ 5.) Subsequent to the dismissal of his complaint, Dunleavy requested information regarding the disposition of the complaint from the NJDCR on November 25, 2003, December 9, 2003 and November 15, 2005; these requests allegedly were ignored by the NJDCR. (Id.) Dunleavy alleges that he finally received the requested information on December 14, 2005. (Id.) Plaintiff brings the current action[6] against all

---

[5] Plaintiff also brings two state law claims, alleging violation of New Jersey laws, N.J. STAT. ANN. §§ 6A:9-6.5(a), 6A:9-6.3(b). This Court shall decline to exercise supplemental jurisdiction and dismiss these claims without prejudice.

[6] Previously, Dunleavy filed a complaint in the United States District Court, District of New Jersey, against Mount Olive, along with other defendants, alleging violations of the New Jersey Law Against Discrimination, N.J. STAT. ANN. § 10:5-1 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 for being denied employment. Dunleavy v. Mt. Olive Twp. Bd. Of Educ., 2005 U.S. Dist. LEXIS 16040 (D.N.J. 2005). The court in that case granted summary judgment. Id. Since the parties in Dunleavy's current suit are not the same as, or parties in privity to, the parties in his prior case, see EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990); Swineford v. Snyder County Pa., 15 F.3d 1258, 1267 (3d Cir. 1994), this Court will analyze his claim under the threshold requirements prescribed by the plain language of the ADEA statute, which Dunleavy has failed to satisfy.

defendants, alleging violations of the Civil Rights Act, 42 U.S.C. § 1981;[7] Civil Rights Act of 1991,[8] 42 U.S.C. § 2000(e); 42 U.S.C. § 1983; No Child Left Behind Act ("NCLBA"), 20 U.S.C. § 6301; Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621;[9] and the New Jersey school laws, N.J. STAT. ANN. §§ 6A:9-6.5(a), 6A:9-6.3(b).  (Compl. ¶ 2.)  Plaintiff brings eight claims in total.  Six of the claims are brought under federal statutes, creating federal question jurisdiction.  The remaining two claims relate to state claims.

All defendants collectively[10] move to dismiss all counts brought against them based upon their theory that Dunleavy has not set forth sufficient information to establish his claims. (Br. in Support of Notice of Mot. to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) at 2.)

---

[7] This Court liberally interprets Plaintiff's pro se complaint to include a Civil Rights claim brought under 42 U.S.C. § 1981.  See Zilich v. Lucht, 981 F.2d 694, 694 (3d Cir. 1992) ("When . . . the plaintiff is a pro se litigant, [the court has] a special obligation to construe his complaint liberally.").  Plaintiff, in his complaint, states that federal jurisdiction is "based on The Civil Rights Act, 42 U.S.C. Section 1983."  (Compl. ¶ 2.)  Dunleavy appears to cite 42 U.S.C. § 1983 to support his Civil Rights claim, although this statute is not part of the Civil Rights Act. Therefore, this Court will analyze the civil rights claim and § 1983 claim as separate claims.

[8] Dunleavy's complaint specifically cites a claim under the Civil Rights Act of 1991 and, as previously noted, also makes a general reference to the "Civil Rights Act."  (Compl. ¶ 2.) This Court liberally interprets Dunleavy's complaint by analyzing the general "Civil Rights" claim as a separate 42 U.S.C. § 1981 claim, in addition to the Civil Rights Act of 1991 claim.

[9] Dunleavy, in his complaint, states two separate age discrimination claims under the Age Discrimination in Employment Act of 1967 and "Title 29, Chapter 14, Section 623(1)." (Compl. ¶ 2.)  The ADEA is the general reference to the complete age discrimination statute and its corresponding subsections.  Section 623 is a subsection of the ADEA which prohibits the type of unlawful employment discrimination Dunleavy claims Defendants practiced.  Thus, this Court will treat Dunleavy's age discrimination claims as a singular claim and analyze the claim pursuant to 29 U.S.C. § 623(1).

[10] Defendants bring separate motions to dismiss.  However, their arguments were included in a single brief.  (Br. in Support of Notice of Mot. to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6).)

This Court concludes that Plaintiff failed to state a claim pursuant to any of the federal statutes he cites, so these claims will be dismissed.  This Court will not exercise supplemental jurisdiction over the remaining state law claims.

## DISCUSSION

### A.    Standard of Review Pursuant to FED. R. CIV. P. 12(b)(6)

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 340 (2d ed. 1990)).

The court may consider the allegations of the complaint, as well as documents attached to

or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W.

Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A CHARLES A. WRIGHT & ARTHUR R.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990).  "Plaintiffs cannot prevent a

court from looking at the texts of the documents on which its claim is based by failing to attach

or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.

1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered

'without converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in

original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further

expansion beyond the pleadings, however, may require conversion of the motion into one for

summary judgment.  FED. R. CIV. P. 12(b).

**B.      Civil Rights Claims**

**1.      Standard of Review Pursuant to 42 U.S.C. § 2000(e) and §1981**

The Civil Rights Act of 1991 ("Civil Rights Act") was enacted to provide, among other

things, remedies under federal law to deter against discrimination in employment.  See Pub. L.

No. 102-166, 105 Stat. 1071 (1991).  This Act represents an amendment to the Civil Rights Act

of 1964 (also known as Title VII), which was enacted to, among other things, enforce the

constitutional right to vote, provide injunctive relief against discrimination in public

accommodations, and protect constitutional rights in public facilities and public education.  See

Pub. L. No. 88-352, 78 Stat. 241 (1964).

The Civil Rights Acts of 1991 and 1964,[11] to act as deterrents for discrimination, make

---

[11]  The Civil Rights Act of 1991 is not a new, independent statute but rather an
amendment to the Civil Rights Act of 1964.  To state a claim under the Civil Rights Act of 1991,
a plaintiff must meet the same basic elements of race, color, religion, sex or national origin and,

it an unlawful employment practice to discriminate on the basis of "race, color, religion, sex or

national origin."  42 U.S.C. § 2000(e)-2.  This statute states, in part, that it shall be an unlawful

employment practice for an employer:

> (1) to fail or refuse to hire or to discharge any individual, or
> otherwise to discriminate against any individual with respect
> to the compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color,
> religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants
> for employment in any way which would deprive or tend to
> deprive any individual of employment opportunities or
> otherwise adversely affect his status as an employee, because
> of such individual's race, color, religion, sex, or national
> origin.

In addition to the Civil Rights Acts, 42 U.S.C. § 1981 was enacted to provide

protection against racial discrimination.  Section 1981 prohibits racial discrimination in the

making of private and public contracts.  42 U.S.C. § 1981; <u>Pamintuan v. Nanticoke Mem'l

Hosp.</u>, 192 F.3d 378, 386 (3d Cir. 1999).  Section 1981 states, in part, that:

> [a]ll persons within the jurisdiction of the United States shall have
> the same right in every State and Territory to make and enforce
> contracts, to sue, be parties, give evidence, and to the full and equal
> benefit of all laws and proceedings for the security of persons and
> property as is enjoyed by white citizens, and shall be subject to like
> punishment, pains, penalties, taxes, licenses, and exactions of every
> kind, and to no other.

In order to establish a prima facie case under the Civil Rights Acts or § 1981, the

plaintiff must show that "he is a member of a protected class, was qualified for the employment

position, and was not selected for that position 'under the circumstances that give rise to an

---

in this aspect only, the statutes will be discussed and analyzed interchangeably.  <u>See</u> 42 U.S.C.
§ 2000(e).

inference of unlawful discrimination.'"[12]  Hampton v. Borough of Tinton Falls Police Dept., 98

F.3d 107, 122 (3d Cir. 1996) (quoting Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248,

253 (1981)).

> **2.      Analysis for Civil Rights Claim, 42 U.S.C. § 2000(e)**

In order to satisfy the first prong of a prima facie claim under § 2000(e), Plaintiff must

show that he is a member of a protected class.  Hampton, 98 F.3d at 122.  The Civil Rights Act

establishes five protected classes: race, color, religion, sex and national origin.  42 U.S.C.

§ 2000(e); Storey v. Burns Int'l Sec. Serv., 390 R.3d 760, 764 (3d Cir. 2004).  To qualify as a

member of a protected class, under the definition of the Civil Rights Act, Dunleavy must be a

member of one of the five categories identified in the text of the statute.  Sarullo v. U.S. Postal

Serv., 352 F.3d 789, 798 (3d Cir. 2003).

In the present case, Dunleavy makes no allegations regarding his race, color, religion,

sex or national origin.  Rather, he claims he was not offered the teaching position at Mount Olive

because of his age.[13]  (Compl. ¶ 6.)  Age is not one of the five protected classes under § 2000(e).

Since Plaintiff fails to state a cause of action recognized by the Civil Rights Act, this claim shall

be dismissed.

---

[12]  Claims brought under Title VII and § 1981 are analyzed under the same legal framework.  Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 385 (3d Cir. 1999) ("We analyze section 1981 claims under the familiar McDonnell Douglas shifting burden framework used in Title VII discrimination cases.").

[13]  Plaintiff alleges that he was over the age of sixty at the time of his application for employment at Mount Olive.  He also alleges the position was subsequently filled by a much younger candidate.  (Compl. ¶ 5.)

### 3.     Analysis of 42 U.S.C. § 1981 Claim

Plaintiff must show that he is a member of a protected class in order to satisfy the first prong of a prima facie claim under § 1981 of the Civil Rights Act.  Hampton, 98 F.3d at 122. Section 1981 prohibits racial discrimination in the making of private and public contracts. Therefore, the threshold requirement of a claim brought under this section is discrimination based upon race of the plaintiff.  See Al-Khazraji v. St. Francis College, 784 F.2d 505, 514-515 (3d Cir. 1986).

In the present case, Dunleavy claims that he was discriminated against and not hired for the teaching position due to his age.  (Compl. ¶ 6.)  He does not allege any cause of action pertaining to racial discrimination.  Age is not provided protection under § 1981.  As a result, Plaintiff fails to state a cause of action recognized by this statute, so this claim shall be dismissed.

### C.     20 U.S.C. § 6301 Claim

#### 1.     Standard of Review Pursuant to 20 U.S.C. § 6301

The No Child Left Behind Act ("NCLBA"), 20 U.S.C. § 6301, is a comprehensive education reform statute directed at the states.  20 U.S.C. §§ 6301(1)-(12).  The purpose of the NCLBA is to "ensure that all children have a fair, equal and significant opportunity to obtain a high quality education and reach, at a minimum, proficiency on challenging State academic achievement standards and state academic assessments."  20 U.S.C. § 6301.

In order to accomplish the NCLBA's objective, the statute charges state and local agencies with the hiring, retention and continued professional development of "qualified" teachers.  20 U.S.C. § 6319(a)(1) ("[E]ach local educational agency receiving assistance under

this part [20 U.S.C. §§ et seq.] shall ensure that all teachers hired after such day and teaching in a program supported with funds under this part are highly qualified."); 20 U.S.C. § 6601(1) ("The purpose of this part [20 U.S.C. §§ et seq.] is to . . . increase student academic achievement through strategies such as improving teacher and principal quality and increasing the number of highly qualified teachers in the classroom.")  In addition, the local and state agencies are responsible for developing a plan to ensure that all teachers teaching within the state and corresponding school districts are "qualified" and must annually report their progress to the Secretary of the Department of Education.  20 U.S.C. § 6319.

The remedy to any state's noncompliance with the NCLBA lies with the Secretary of Education.  20 U.S.C. § 6311(g)(2).  The only remedy available under the NCLBA for noncompliance allows the Secretary of Education to withhold "funds for State administration under this part until the Secretary determines that the State has fulfilled those requirements."  Id. The NCLBA does not provide any remedy for parents, students, or any other individuals to enforce a state's alleged noncompliance.  See id.

In order for an individual to bring a claim under a federal statute, the statute must confer a private right of action.  See Alexander v. Ala. Dep't of Pub. Safety, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress.")  The court must perform an initial inquiry to determine whether or not a statute "confers rights on a particular class of persons."  Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002).  Where a statute is phrased in such explicit rights-creating terms, "the judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."  Alexander, 532 U.S. at 286.  However, no

basis for private enforcement exists without Congressional manifestation of "unambiguous intent to confer individual rights." <u>Gonzaga</u>, 536 U.S. at 286.

>    2.        **Analysis for 20 U.S.C. § 6301 Claim**

In the present case, Plaintiff seeks to bring a claim under the NCLBA, 20 U.S.C. § 6301. Dunleavy claims Defendants violated the NCLBA's requirement that public schools hire qualified teachers. (Compl. ¶ 6.) The NCLBA was enacted to "ensure that all children have a fair, equal and significant opportunity to obtain a high quality education and reach, at a minimum, proficiency on challenging State academic achievement standards and state academic assessments." 20 U.S.C. § 6301. To accomplish this objective, a relevant part of the NCLBA contains language that requires the procurement, retention, and development of "qualified" teachers. <u>See</u> 20 U.S.C. §§ 6319, 6601.

In order to determine if Dunleavy can bring a claim under the NCLBA, this Court must analyze the NCLBA's language to determine whether Congress manifested "unambiguous intent to confer individual rights" to enforce an alleged violation of 20 U.S.C. § 6301. <u>Gonzaga</u>, 536 U.S. at 286. The nature of the enforcement mechanisms available under the NCLBA suggests that Congressional intent to create a private right of action is not present. The NCBLA vests enforcement authority in the United States Secretary of Education ("Secretary"). <u>Id.</u> Section 6311(g)(2) permits the Secretary to withhold state administrative funds from states that fail to meet the requirements of the NCLBA. <u>Id.</u> None of the NCLBA's provisions provide remedies to parents, teachers, students or any other individuals or organizations when state schools allegedly violate the NCLBA. <u>Id.</u> Nothing in the NCLBA indicates the Congress intended to create individual rights that Dunleavy may enforce in a court of law. This Court concludes that the

NCLBA does not create a private right of action, and therefore Plaintiff cannot state a claim pursuant to the NCLBA.  Thus, his claim must be dismissed.

**D.**     **5 U.S.C. § 552 Claim**

    **1.**     **Standard of Review Pursuant to 5 U.S.C. § 552**

The Freedom of Information Act ("FOIA") permits an individual to see any federal government record, document, or publication, provided it is not covered by one of nine possible exceptions.[14]  5 U.S.C. § 552.  FOIA requires that each "agency" make this information available to the public.  Id.  "Agency," as defined in 5 U.S.C. § 551(1), means "each authority of the Government of the United States."  5 U.S.C. § 551(1).  The district court for the District of New Jersey has stated that the term "agency," in reference to FOIA, applies strictly to federal agencies and does not extend to state or local agencies.  Krebs v. Rutgers, the State University of New Jersey, 797 F. Supp. 1246, 1253 (D.N.J. 1992).  Thus, a plaintiff bringing a claim under FOIA would have to meet a minimum threshold that the defendant be a federal agency.

    **2.**     **Analysis for 5 U.S.C. § 552 Claim**

A threshold requirement for bringing a claim under 5 U.S.C. § 552 is that the defendants

---

[14]  The nine exceptions, as identified under the Freedom of Information Act, are, in part: "(1) matters that are specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy . . . ; (2) related solely to the internal personnel rules and practices of an agency; (3) specifically exempted from disclosure by statute . . . ; (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential; (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; (7) records or information compiled for law enforcement purposes . . . ; (8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or (9) geological or geophysical information, data, including maps, concerning wells."  5 U.S.C. § 552(b)(1)-(9).

are a federal agency, since only federal agencies are required to comply with this statute.  <u>Krebs</u>,

797 F. Supp. at 1253 (the term "agency," as defined by FOIA, applies strictly to federal

agencies).  In the present case, Plaintiff claims Defendants violated FOIA by allegedly ignoring

his requests made to the NJDCR for information.[15]  The NJDCR is a New Jersey state agency,

not a federal agency.  Only federal agencies are required to abide by FOIA, so the NJDCR cannot

violate FOIA.  As a result, Plaintiff has failed to state a claim for which relief can be granted and

thus, Defendants' motion to dismiss will be granted.

**E.**     <u>**29 U.S.C. § 621 Claim**</u>

       **1.**          **Standard of Review Pursuant to 29 U.S.C. § 621**

The "ADEA prohibits discrimination by employers on the basis of age."  29 U.S.C.

§ 623(a)(1).  The ADEA, in part, makes it unlawful for an employer:

> (1) to fail or refuse to hire or discharge any individual or otherwise discriminate
> against any individual with respect to his compensation, terms, conditions, or
> privileges of employment, because of such individual's age;
> (2) to limit, segregate, or classify his employees in any way which would deprive
> or tend to deprive any individual of employment opportunities or otherwise
> adversely affect his status as an employee, because of such individual's age; or
> (3) to reduce the wage rate of any employee in order to comply with this Act.

In order to establish a prima facie case of age discrimination under the ADEA, plaintiff

must "demonstrate that (1) he was over forty years old at the time he was discharged; (2) he was

qualified for the position from which he was discharged and performing same in a satisfactory

manner; (3) his employment was discharged despite his qualifications and performance; and (4)

---

[15]  Plaintiff claims he requested information from the New Jersey Division of Civil Rights on November 25, 2003, December 9, 2003, and November 15, 2005, but did not receive this information until December 14, 2005, and only through intervention of State Senator Robert Littell and Assemblywoman Allison McHose.  (Compl. ¶ 5.)

his employer ultimately filled the position with a person sufficiently younger to permit an inference of age discrimination."  Acevedo v. High, 420 F. Supp.2d 337, 341 (D.N.J. 2006).

      2.        **Analysis for 29 U.S.C. § 621 Claim**

Before being able to consider the four factors required to establish a prima facie case under the ADEA, Plaintiff must satisfy a threshold criterion, which is provided by the statutory language of the Act.  As stated before, the ADEA prohibits discrimination by employers on the basis of age.  29 U.S.C. § 623(a)(1); O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 311-312 (1996).  The basic language of the statute requires, and provides protection from, discriminatory employer action.  See White v. Camden City Bd. Of Ed., 251 F. Supp. 2d 1242, 1246 (D.N.J. 2003).  An employer, as defined by the ADEA, is a "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current preceding year."  29 U.S.C. § 630(b).

In the present case, Dunleavy brings an ADEA claim against all defendants.  However, defendants Rovtar, Watson, Paletta, and Vespa-Papaleo are employees of the state.  As employees of the state, these defendants do not meet the definition of employer, as defined by the ADEA and thus, their motions to dismiss Plaintiff's ADEA claim will be granted.

Defendants State of New Jersey and the NJDCR require closer review by this Court to determine if they are employers, as defined by the ADEA.  Even assuming for the sake of argument that these two defendants could satisfy the definition of an employer, Plaintiff has not alleged that either of these defendants were his employers or that he even attempted to gain employment with these entities.  Plaintiff alleges his application for employment was submitted to Mount Olive School District and not the state of New Jersey or the NJDCR.  Therefore, these

entities cannot be construed as Dunleavy's employers, as defined by the ADEA.  Defendants'

motion to dismiss will be granted due to Plaintiff's failure to state a claim, pursuant to the

ADEA.

**F.**      **42 U.S.C. § 1983 Claim**

      **1.**      **Standard of Review Pursuant to 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code authorizes a person to seek redress for

a violation of his federal rights by a person who was acting under color of state law.  Section

1983 provides in relevant part that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws, shall be
> liable to the other party injured in action at law, suit in equity, or other proper
> proceeding for redress.

Therefore, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate: (1)

that he or she was deprived of rights, privileges, or immunities secured by the Constitution or

laws of the United States; and (2) that the challenged conduct was committed by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.J. Kress &

Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  That is,

"[w]hen evaluating a claim brought under § 1983, [the court] must first 'identify the exact

contours of the underlying right said to have been violated' in order to determine 'whether

[plaintiff] has alleged a deprivation of a constitutional right at all.'"  Natale v. Camden County

Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting Nicini v. Morra, 212 F.3d 798,

806 (3d Cir. 2000)).

### 2.        Analysis for 42 U.S.C. § 1983 Claim

Dunleavy must demonstrate that: (1) that he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the challenged conduct was committed by a person acting under color of state law, in order to establish a claim under 42 U.S.C. § 1983.  See West, 487 U.S. at 48; Adickes, 398 U.S. at 152; Sample, 885 F.2d at 1107.

In the present case, Plaintiff's claim is grounded in the fact that he was not hired for a teaching position at Mount Olive.  Given that the crux of Plaintiff's argument is employment, he must establish that a property right existed to the position in question.  See Gikas v. Wash. Sch. Dist., 328 F.3d 731, 737 (3d Cir. 2003).  In order for a property interest in a job or job benefit to exist, "an employee must have a legitimate claim of entitlement to that job, not just a unilateral expectation."  Latessa, 113 F.3d at 1318.

Dunleavy applied for a mathematics teaching position at Mount Olive in an effort to obtain employment.  This position was neither guaranteed nor secured.  Submitting an application for potential employment does not create a legitimate claim of entitlement to a job. Anderson v. Philadelphia, 845 F.2d 1216, 1220-1221 (3d Cir. 1988).  Dunleavy's § 1983 claim fails because he did not set forth sufficient facts to establish that he had a constitutionally protected property right in this teaching position.  In addition, Dunleavy fails to establish a violation of his rights secured by federal law.  Since Plaintiff did not satisfy the first prong of the test, this Court need not address the second prong.  Defendants' motion to dismiss Plaintiff's § 1983 claims shall be granted.

G.      **Motion to Amend Complaint**

      1.      **Standard of Review for Leave to Amend**

Rule 15(a) provides that a party may amend his pleading once before a responsive pleading is served, or thereafter upon leave of the court or on consent from his adversary.  See FED. R. CIV. P. 15(a).  The rule further provides that "leave should be freely given when justice so requires."  Id.  Leave to amend shall be given freely, in the absence of circumstances such as undue prejudice to the opposing party or futility of amendment.  Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).  Granting leave to amend is futile if the amended complaint cannot withstand a renewed motion to dismiss.  Id.

      2.      **Analysis for Leave to Amend**

In the present case, Plaintiff moves to amend his initial complaint.  Dunleavy attempts to add the New Jersey Attorney General ("Attorney General") and the New Jersey Department of Education ("Department of Education") as defendants for "illegally violating State and Federal Education laws" by failing to "investigate the situation."  (Am. Compl. ¶ 7.)  Dunleavy's references to "Federal Education" laws and investigation of his "situation" are ambiguous.  This Court interprets Dunleavy's "Federal Education" law statement to refer to the federal law, the No Child Left Behind Act.  The NCLBA does not confer a private right of action, which must exist in order for Dunleavy to bring a claim pursuant to this Act.  The inclusion of the Attorney General and the Department of Education as defendants would not create a private action for Dunleavy under the NCLBA, so this claim would not survive a renewed motion to dismiss.[16]

---

[16] The Attorney General of The State of New Jersey would also be able to assert immunity, likely qualified, against Plaintiff's assertion of liability, but this Court need not

16

Dunleavy also references "State Education" laws in his amended complaint.  (Am. Compl. ¶ 7.)  Since this Court will dismiss Plaintiff's federal claims that create federal jurisdiction, only Dunleavy's state claims will remain.  This Court elects not to exercise supplemental jurisdiction over these state claims.

Dunleavy's amended complaint does not create or maintain federal jurisdiction, so his amended complaint would not withstand a renewed motion to dismiss.  Dunleavy's amended complaint is futile because it will not survive a renewed motion to dismiss and thus, his request that leave be granted to amend his complaint shall be denied.

## H.      Jurisdiction

### State law claims

The remaining two substantive claims in the complaint are based on New Jersey state law.  Jurisdiction over state law claims is provided by 28 U.S.C. § 1367(a), which states that, with certain exceptions not relevant here, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).  The Third Circuit has observed that "[t]he power to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court."  Tully v. Mott

_____

resolve this issue given the denial of the motion to amend.

Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976) (citing United Mine Workers v. Gibbs, 383

U.S. 715, 725 (1966)).  Further, in cases where the federal claims are subject to dismissal under

FED. R. CIV. P. 12(b)(6), "the court should ordinarily refrain from exercising jurisdiction in the

absence of extraordinary circumstances."  Id.

   In the present case, all federal claims have been dismissed.  Further, Plaintiff has

not presented any exceptional circumstances that would remove this case from the general rule

requiring dismissal of the state law claims.  Specifically, the Third Circuit has observed that

"considerations of 'judicial economy, convenience, and fairness to the litigants' dictate that

pendent claims be entertained."  Id.  None of those factors are present here.  Thus, this Court

declines to exercise supplemental jurisdiction over the remaining state law claims and will

dismiss them accordingly.

   **Conclusion**

   For the reasons set forth above, Plaintiff fails to state a claim, pursuant to 42

U.S.C. § 2000(e)-2, 42 U.S.C. § 1983, 20 U.S.C. § 6301, 5 U.S.C. § 552, 29 U.S.C. § 621, and

29 U.S.C. § 623, for which relief can be granted.  As a result, these claims will be dismissed.

Further, this Court declines to assert supplemental jurisdiction over the remaining state law

claims, which will be dismissed.

   Date: September 26, 2007

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.